953 F.2d 688
 293 U.S.App.D.C. 292
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
Deborah BLOUNT, Appellant.
 No. 90-3209.
 United States Court of Appeals, District of Columbia Circuit.
 Jan. 23, 1992.
 
 Before MIKVA, Chief Judge, and WALD and BUCKLEY, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This case was considered on the record from the District Court and on the briefs and oral arguments of counsel. The court is satisfied that appropriate disposition of the appeal does not warrant a published opinion. See D.C.Cir.Rule 14(c). It is
 
 
 2
 ORDERED and ADJUDGED that the appellant's conviction be affirmed. As we explained in United States v. Battista, 876 F.2d 201, 207 (D.C.Cir.1989), a court's determination that a search was voluntary, including the determination that the party had capacity to consent to the search, will be reversed only if clearly erroneous. We are not persuaded that the trial court committed clear error in concluding that appellant had capacity to consent to the search of her person. Nor are we convinced that the trial court improperly shifted the government's burden of proof by stating, in its holding, that it credited the testimony of Detective Oxendine "with regard to the absence of any clear indication of lack of mental capacity and a voluntary consent given." The "clear indication" statement was made in reference to Detective Oxendine's testimony that she did not see any evidence of lack of mental capacity; it did not shift the government's burden of showing that there was voluntary consent. Finally, while we recognize that it is improper for an attorney to characterize a witness's testimony as a lie, such a misstatement creates reversible error only when the jury verdict could have been affected by the statement. United States v. Peyro, 786 F.2d 826, 831 (8th Cir.1986). We do not think the prosecutor's statement here could have had an effect on the jury so as to create reversible error.
 
 
 3
 The clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15(b)(2).